UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. |
| ) | 5:18-029-KKC-MAS-1 |
| v. ) | and |
| ) | Civil Action No. |
| AARON AVADO BAIN, ) | 5:19-0332-KKC-MAS |
| ) | |
| Defendant/Movant. ) | |
| ) | |

### REPORT & RECOMMENDATION

This matter is before the undersigned on Petitioner Aaron Avado Bain's ("Bain") Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. Bain alleges his sentencing was erroneous based on the reading of two recent United States Supreme Court rulings and an alleged misapplication of the United States Sentencing Guidelines. [DE 71]. The United States responded in opposition [DE 76]. After reviewing the record in its entirety, the Court recommends Bain's motion be denied for the reasons stated below.

### I. RELEVANT FACTUAL BACKGROUND

On March 1, 2018, an indictment was returned charging Bain with possession with intent to distribute 500 grams or more of cocaine and being an illegal alien in possession of a firearm. [DE 8]. The indictment centered around a traffic stop involving Bain and his co-defendant. [DE 1-1 (Complaint Affidavit)]. Found in the vehicle was approximately 5 kilograms of cocaine, digital scales, and a firearm. [*Id.*]. At the time, Bain was unlawfully present in the United States, having allowed his visa to expire. [DE 30, at Page ID # 107].

On April 24, 2018, Bain appeared before the Court and entered into a plea agreement. [DE 30 (Plea Agreement); DE 31 (Rearraignment)]. The Court conducted a Rule 11 plea colloquy with Bain. In accepting his plea agreement, Bain "waive[d] the right to attack collaterally the guilty plea, conviction and sentence." [DE 30, at Page ID # 109].

Bain was sentenced to sixty (60) months imprisonment for Count 1 and Count 2, respectively, to be served concurrently. [DE 51 (Judgment)]. Bain did not appeal his conviction. Bain then timely filed the present Motion to Vacate, Set Aside, or Correct a Sentence. [DE 8].

## II.   ANALYSIS

In his motion, Bain advances three grounds as to why his sentence should be set aside. First, Bain contends that he is eligible for relief under the case *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Second, Bain argues *Davis v. United States*, 139 S. Ct. 2319 (2019) also changed the constitutionality of his sentencing. Finally, Bain claims he is eligible for relief via the Safety-Valve clause in U.S.S.G. § 5C1.2. The Court will address each of these arguments below.

### A.   PROCEDURAL BARS

As stated, Bain waived his right to attack his conviction "except for claims of ineffective assistance of counsel" via his plea agreement. [DE 30, at Page ID # 109]. A defendant may waive any right in a plea agreement, even a constitutional right, if the waiver was made knowingly and voluntarily. *See, e.g., United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017). Bain raises no claims of deficient representation, nor does he argue the plea was not made knowingly or voluntarily.

Accordingly, Bain's claims are procedurally barred. The Court, however, will do a full analysis of Bain's claims, showing that his petition also fails on the merits.

**B.     SUBSTANTIVE BARS**

To succeed on a § 2255 motion, petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). All three of Bain's claims fail to meet this standard.

1.   **Bain is not entitled to relief under *Rehaif*.**

Bain's first claim turns on the holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). There, the Supreme Court directed that to sustain a conviction under 18 § 922(g), "the government was required to prove that [Bain] both knowingly possessed a firearm and that he belonged to the relevant category of a persons barred from possessing a firearm." [DE 71, at Page ID # 252]. Bain believes that because he was not aware at the time that his visa was expired, both prongs of the knowingly requirement were not met. [*Id.* at Page ID # 239]. Thus, he is entitled to relief.

*Rehaif* is inapplicable due to Bain's plea agreement. Post *Rehaif*, "[c]ourts considering § 2255 motions have declined to vacate a criminal defendant's sentence when he has pleaded guilty to the offense." *Malone v. United States*, No. 1:14CR438, 2019 WL 7049805, at *3 (N.D. Ohio Dec. 23, 2019); *see e.g.*, *Thompson v. United States*, 2019 WL 5727976, at * 4 (E.D. Mo. Nov. 5, 2019) ("Because movant pleaded guilty ... and his case never went to trial, the burden of proof for the government had the case gone to trial, is irrelevant"); *Brewster v. United States*, 2019 WL 5076404, at 7-8 (W.D.N.C. Oct. 9, 2019); *United States v. Anderson*, 2019 WL 3806104, at *2 (N.D. Ala. July 26, 2019)). While *Rehaif* dissects the requirements to sustain a *jury conviction* under § 922(g), "because Petitioner pleaded guilty […] this contention is moot." *Malone*, 2019 WL 7049805, at *3. Bain's guilty plea contained all the factual and legal elements required to sustain his judgment and sentence. *Id.* (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). The holding in *Rehaif* does not change this outcome.

Thus, the Court recommends Bain's request for relief be denied on this ground.

### 2. Bain is not entitled to relief under *Davis*.

Next, Bain claims that he is entitled to relief under an analysis of *Davis v. United States*, 139 S. Ct. 2319 (2019). [DE 71, at Page ID # 253]. In support, Bain cites the *Davis* holding that a residual clause of a statute was unconstitutionally vague. [*Id.*]. The statute discussed, though, was 18 U.S.C. § 924(c). *See Davis*, 139 S. Ct. at 2323 ("Today we apply these principles to 18 U.S.C. § 924(c)."). Bain was never charged with, nor convicted of violating § 924(c). [DE 8 (Indictment)]. *Davis* has no effect on Bain's sentence.

Accordingly, Bain's second ground for relief is meritless.

### 3. Bain is not entitled to relief under U.S.S.G. § 5C1.2 Safety-Valve.

Bain's final position involves the Safety-Valve of United States Sentencing Guidelines § 5C1.2. This statute provides a downward sentencing departure for certain crimes if certain criteria are met. *Id.*; *see also United States v. Penny*, No. 17-3862, 2019 WL 2448253, at *2 (6th Cir. June 11, 2019) ("To be eligible for a safety valve sentence, [defendant] must satisfy five requirements by a preponderance of the evidence."). Bain believes that if the Court "grants him relief under *Davis* he is therefore eligible for relief pursuant to the Safety-Valve." [DE 71, at Page ID # 255]. As stated above, *Davis* is not applicable to Bain's case.

Moreover, Bain fails to meet the five criteria set out in § 5C1.2, notably the prong which requires the "defendant did not […] possess a firearm […] on connection with the offense[.]" U.S.S.G. § 5C1.2(a)(2). Bain's indictment was based upon his occupancy of a vehicle that contained narcotics and a firearm. Bain attested to knowing about the firearm's presence. [DE 30, at Page ID # 107-108 (Plea Agreement); DE 77, at Page ID # 294-299 (Rearraignment Transcript)]. "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable

4

barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Hence, Bain's final argument wholly fails to warrant him relief under § 2255.

### III.   CONCLUSION

For the reasons stated herein, the Court recommends the District Court deny Bain's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly,

it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

## RECOMMENDATION

For the reasons stated in this decision, the Court **RECOMMENDS** that:

1) the District Court **DENY**, with prejudice, Defendant's § 2255 motion [*See* DE 71]; and

2) the District Court **DENY** a certificate of appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 7th day of January, 2020.



Signed By:
Matthew A. Stinnett   *MAS*
United States Magistrate Judge